FILED
GREAT FALLS DIV.

2011 FEB 3 AM 9 49

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>CLARENCE LINDSEY FOSTER,<br><br>Defendant/Movant. | No. CR-05-68-GF-SEH<br>CV-10-81-GF-SEH<br><br>ORDER |

On December 27, 2010, Defendant/Movant Clarence Lindsey Foster moved to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Foster is a federal prisoner proceeding pro se.

On January 3, 2011, Foster was ordered to show cause why his motion should not be dismissed with prejudice as time-barred. Order (doc. 118) at 2. He responded on January 19, 2011. Resp. to Order (doc. 119).

A jury found Foster guilty of conspiring to distribute at least 50 grams of a substance containing methamphetamine. Verdict (doc. 68). On September 18, 2006,

Foster was sentenced to serve 121 months in prison, to be followed by a four-year term of supervised release. Minutes (doc. 84); Judgment (doc. 85). He appealed. On September 12, 2007, the Ninth Circuit Court of Appeals affirmed. U.S. v. Foster, No. 06-30533 (9th Cir. Sept. 12, 2007) (unpublished mem. disp.) (doc. 109). Foster's conviction became final on December 11, 2007. See Fed. R. App. P. 4(b)(1)(A)(i); Griffith v. Ky., 479 U.S. 314, 321 n.6 (1987). He should have filed his § 2255 motion on or before December 11, 2008. See 28 U.S.C. § 2255(f)(1). He did not file until December 6, 2010, nearly two full years too late. Mot. § 2255 (doc. 116) at 37; see also Houston v. Lack, 487 U.S. 266, 276 (1988).

Foster might be entitled to equitable tolling of the limitations period if he pursued his rights diligently but an extraordinary circumstance stood in his way and prevented him from timely filing. See Holland v. Fla., __ U.S. __, 130 S. Ct. 2549, 2562 (2010); U.S. v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004); Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003). He alleges that "not only did appellate [counsel] fail to file, but was deficient in failing to advise Petitioner about his legal options, including a Section 2255 motion." Resp. to Order (doc. 119) at 2. He does not allege any deception by counsel, though he is clearly aware that any such deception would be relevant. See, e.g., Spitsyn, 345 F.3d at 801-02; Resp. to Order (doc. 119) at 3. While defense counsel should advise clients of the option to file a § 2255 motion,

2

failure to do so is not grounds for equitable tolling. Miranda v. Castro, 292 F.3d 1063, 1067-68 (9th Cir. 2002); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

The law on this issue is clear, and there are no open questions on which reasonable jurists could disagree. Nor do the merits of Foster's motion appear compelling. A certificate of appealability is not warranted. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)); Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000).

**ORDERED**:

1. Foster's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (doc. 116) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Foster files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV-10-81-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Foster.

DATED this 2nd day of February, 2011.

SAM E. HADDON
United States District Judge